MAY E. KELSEA, Petitioner, *vs*. THOMAS L. CLEAVES, et al.

. York.    Opinion March 30, 1918.

Dower.    *Public Laws, 1895, Chap. 157, interpreted.    R. S., Chap. 80, Sec. 18.*
                          *R. S., Chap. 65, Sec. 9.*

Petition for partition.    The respondents deny the right of partition upon the
    ground that the petitioner, at the date of her petition, was not seized in fee
    simple and as tenant in common in or to the premises described in the petition.

The case is reported to this court upon the following agreed statement of facts.

"The real estate of which partition is prayed was at one time owned in fee simple
    by Edgar O. Stephenson.    The present petitioner was formerly the wife of said
    Edgar O. Stephenson.    On the 15th day of October, A. D. 1894, and while
    this petitioner and the said Edgar O. Stephenson were still living together as
    husband and wife, the said Edgar O. Stephenson conveyed the premises in
    question to Sabrina Stephenson; but the petitioner, then the wife of said
    Edgar O. Stephenson, did not join in the deed and has not since barred her
    dower or interest in the property.

On the 22nd day of January, A. D. 1897, the petitioner obtained a decree of
    divorce upon her petition against the said Edgar O. Stephenson."

*Held:*    Since the conveyance of the land in question was made before the passage
    of Chap. 157, Public Laws 1895, abolishing dower, without a release or bar of
    dower by the wife, that she now takes only such rights as she would have taken
    had his decease occurred, namely, a right of dower against the grantee or those
    claiming under him.

Petition for partition.    Defendants each filed motion to dismiss,
which motion was overruled by presiding Justice; to which ruling
exceptions were filed.    By agreement of parties exceptions were with-
drawn and the case reported to Law Court upon certain agreed state-
ments.    Judgment in accordance with opinion.

Case stated in opinion.

*Howard Davies*, for plaintiff.

*Leroy Haley, and Stone & Stone*, for defendants.

SITTING:    CORNISH, C. J., SPEAR, KING, BIRD, HANSON, PHIL-
BROOK, JJ.

PHILBROOK, J.    Petition for partition.    The respondents deny the
right of partition upon the ground that the petitioner, at the date of

her petition, was not seized in fee simple and as tenant in common in or to the premises described in the petition. During the progress of the case motions to dismiss were filed and overruled. Exceptions were taken and allowed but the docket entries, made part of the record, show that the exceptions were withdrawn, and the case comes to us on agreed statement, this court to determine whether the petitioner is owner in fee and tenant in common in or to the premises described in the petition as alleged by the petitioner. The agreed statement is as follows:

"The real estate of which partition is prayed was at one time owned in fee simple by Edgar O. Stephenson. The present petitioner was formerly the wife of said Edgar O. Stephenson. On the 15th day of October, A. D., 1894, and while this petitioner and the said Edgar O. Stephenson were still living together as husband and wife, the said Edgar O. Stenphenson conveyed the premises in question to Sabrina Stephenson; but the petitioner, then the wife of said Edgar O. Stephenson, did not join in the deed and has not since barred her dower or interest in the property.

On the 22nd day of January, A. D. 1897, the petitioner obtained a decree of divorce upon her petition against the said Edgar O. Stephenson."

The petitioner seeks a construction of Sec. 8 of Chap. 157 of the Public Laws of 1895 which is one portion of an act commonly known as an act to abolish dower and to establish the rights of widows and widowers in the real estate of deceased husbands and wives by creating title by descent. The act was amendatory not only of the statute relating to the descent of real estate, but also of that relating to divorce, and the rights of the wife when a divorce was decreed to her for any fault of her husband except that of impotence. Prior to this act of 1895, the wife obtaining such decree was entitled to dower in her husband's real estate "to be recovered and assigned to her as if he were dead." Under the act of 1895 which, as we shall see, abolished dower, the wife obtaining such decree is entitled to one-third, in fee, in common and undivided, of all her husband's real estate, except wild lands, "which shall descend to her as if he were dead."

The act of 1895, in plain terms, abolished dower and in place thereof provides that upon the death of the husband one-third of his real estate descends to his widow, if there be issue, one-half to his widow if

no issue and all if there be no kindred.   Thus it will readily appear that it was the plain intention of the legislature, having abolished dower and provided for the descent of real estate to his widow at his decease, in lieu thereof, to guard the interests of the wife who obtained such a decree of divorce as we have referred to, by making provisions similar to those made for the widow in case of the husband's death.   The two provisions are correlative.

But the legislature wisely and carefully guarded against complications which might arise in cases where the husband had conveyed real estate without the joinder of the wife prior to the passage of the act, and whereby titles of third parties might be affected at his decease. In section eight of the act of 1895 it is provided that "If the wife of the grantor or mortgagor of lands heretofore conveyed or mortgaged has not released or barred her right of dower in the same, she shall be entitled, as against the grantee or mortgagee, and those claiming under him, to her right of dower only, as now existing."   Could it have been the intention of the legislature to preserve only a right of dower, at decease of her husband, in lands granted before the act, and without the joinder of the wife, and at the same time, and by the same act, provide a right of fee simple in those same lands for the wife who was decreed a divorce for the fault of her husband?   Such a contradiction of provisions would stultify the wisdom of the law making body.   In the construction of statutes the entire act must be considered and its provisions be made harmonious one with the other. *Smith* v. *Chase,* 71 Maine, 164.

It is the opinion of the court, since the conveyance of the land in question was made before the passage of the act, without a release or bar of dower by the wife, that she now takes only such rights as she would have taken had his decease occurred, namely, a right of dower against the grantee or those claiming under him.   Such a construction is in harmony with the well established rules for construction of statutes.   The petitioner not being seized in fee simple and as tenant in common as to the lands described in the petition the mandate must be,

*Petition for partition denied.*